UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**F I L E D**
DEC - 1 2015
CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR, MI

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 14-20804
Hon. John Corbett O'Meara

KAI XU,

    Defendant.

_____/

## GUILTY PLEA QUESTIONNAIRE AND CERTIFICATE OF COUNSEL

The defendant represents to the Court:

1. My name is Kai Xu. I am 27 years old. I have completed high school and am currently in my 4th year of college at Waterloo University in Canada. I am a Canadian citizen.

2. My attorney is Matt Borgula.

3. My attorney and I have fully discussed my case. I have received a copy of the Indictment. I have read the Indictment, or it has been read to me, and I have discussed it with my attorney. My attorney has counseled and advised me concerning the nature of each charge, any lesser-included offenses, and the possible defenses that I might have in this case. I have been advised and understand that the elements of the charges alleged against me to which I am pleading "GUILTY" are as follows: (1) I knowingly exported or sent merchandise, or attempted to export or send merchandise, (2) from the United States (3) contrary to a regulation of the United States. Specifically, I exported or attempted to export turtles without first completing and filing a Declaration for Exportation of Fish and Wildlife Form 3-177. I have had a full and adequate

opportunity to disclose to my attorney all facts known to me that relate to my case.

4. I know that if I plead "GUILTY," I will have to answer any questions that the judge asks me about the offenses to which I am pleading guilty. I also know that if I answer falsely, under oath and in the presence of my attorney, my answers could be used against me in a prosecution for perjury or false statement.

5. I am not under the influence of alcohol or drugs. I am not suffering from any injury, illness or disability affecting my thinking or my ability to reason. I have not taken any drugs or medications within the past seven (7) days.

6. I understand that conviction of a crime can result in consequences in addition to imprisonment. Such consequences include deportation or removal from the United States or denial of naturalization, if I am not a United States citizen; loss of eligibility to receive federal benefits; loss of certain civil rights (which may be temporary or permanent depending upon applicable state or federal law), such as the right to vote, to hold public office, and to possess a firearm; and loss of the privilege to engage in certain occupations licensed by the state or federal government.

7. I know that I may plead "NOT GUILTY" to any crime charged against me and that I may continue in that plea if it has already been made. I know that if I plead "NOT GUILTY" the Constitution guarantees me:

   a. The right to a speedy and public trial by jury, during which I will be presumed to be innocent unless and until I am proven guilty by the government beyond a reasonable doubt and by the unanimous vote of 12 jurors.

   b. The right to have the assistance of an attorney at all stages of the proceedings.

    c.    The right to use the power and process of the court to compel the production of evidence, including the attendance of witnesses in my favor;

    d.    The right to see, hear, confront and cross-examine all witnesses called to testify against me;

    e.    The right to decide for myself whether to take the witness stand and testify and, if I decide not to take the witness stand, I understand that no inference of guilt may be drawn from this decision; and

    f.    The right not to be compelled to incriminate myself.

8.    I know that if I plead "GUILTY" there will be no trial before either a judge or a jury, and that I will not be able to appeal from the judge's denial of any pretrial motions I may have filed concerning matters or issues not related to the court's jurisdiction unless specifically reserved in the Rule 11 Plea Agreement.

9.    In this case, I am not pleading "GUILTY" under Rule 11(e)(1)(C). My attorney has explained the effect of a plea under Rule 11(e)(1)(C).

10.    I know the maximum sentence which can be imposed upon me for the crimes to which I am pleading guilty is ten years, imprisonment and a fine of $250,000. I also know there is no mandatory minimum sentence.

11.    I know that the judge, in addition to any other penalty, will order a special assessment as provided by law in the amount of $100 per count of conviction.

12.    I know that, if I am ordered to pay a fine and I willfully refuse to pay that fine, I can be returned to court where the amount of the unpaid balance owed on the fine can be substantially increased by the judge and I can be imprisoned for up to one year.

13.    My attorney has discussed with me the Federal Sentencing Guidelines. I know

that under the Federal Sentencing Guidelines, the sentencing judge will ordinarily select a sentence from within the guideline range. However, if a case presents unusual facts or other circumstances, the law permits the judge to depart or vary from the guidelines and impose a sentence either above or below the guideline range. Although most sentences will be imposed within the guideline range, I know that there is no guarantee that my sentence will be within the guideline range. If my attorney or any other person has calculated a guideline range for me, I know that this is only a prediction and that it is the judge who makes the final decision as to what the guideline range is and what sentence will be imposed. I also know that a judge may not impose a sentence greater than the maximum sentence referred to in paragraph (10) above.

14. I understand that under the Federal Sentencing Guidelines, if I am sentenced to prison, I am not entitled to parole. I will have to serve the full sentence imposed except for any credit for good behavior that I may earn. Credit for good behavior does not apply to a sentence of one year or less.

15. I know that, if I am sentenced to prison, the judge will impose a term of supervised release to follow the prison sentence. During my supervised release term I will be supervised by a probation officer according to terms and conditions set by the judge. In my case, a term of supervised release can be up to 3 years. If I violate the conditions of supervised release, I may be sent back to prison.

16. I know that, in addition to or in lieu of any other penalty, the judge can order restitution payments to any victim of any offense to which I plead guilty. I am also informed that, for certain crimes of violence and crimes involving fraud or deceit, it is mandatory that the judge impose restitution in the full amount of any financial loss or harm caused by an offense. If imposed, the victim can use the order of restitution to obtain a civil judgment lien. A restitution

order can be enforced by the United States for up to twenty (20) years from the date of my release from imprisonment or, if I am not imprisoned, twenty (20) years from the date of the entry of judgment. If I willfully refuse to pay restitution as ordered, a judge may resentence me to any sentence which could originally have been imposed.

17. On any fine or restitution in an amount of $2,500 or more, I know that I will be required to pay interest unless that fine or restitution is paid within fifteen (15) days from the date of the entry of judgment.

18. If I am on probation, parole or supervised release in any other state or federal case, I know that by pleading guilty in this court my probation, parole or supervised release may be revoked and I may be required to serve time in that case, which may be consecutive, that is, in addition to any sentence imposed on me in this court.

19. If I have another case pending in any state or federal court, I know that my Guilty Plea Questionnaire and Plea Agreement in this case do not, in the absence of an express and written agreement, apply to my other case, and that I can be faced with consecutive sentences of imprisonment.

20. My plea of "GUILTY" is based on my discussions with my attorney and not on the plea agreement offered by the prosecutor. I acknowledge that the prosecutor has made a plea offer which would require me to plead guilty to the most serious readily provable offense, stipulate to guideline enhancements that I do not believe apply, consent to forfeiture and waive any right to appeal. In exchange, the government would move to dismiss the remaining counts of the Indictment. I have knowingly and voluntarily chosen to plead guilty without a plea agreement.

21. The Plea Agreement contains the only proposed agreement between the United States government and me. No officer or agent of any branch of government (federal, state or

local) or anyone else has promised or suggested that I will receive a lesser term of imprisonment, or probation, or any other form of lenience if I plead "GUILTY."

22. My plea of "GUILTY" is not the result of force, threat or intimidation.

23. I hereby request that the Judge accept my plea of "GUILTY" to the following counts: 1-6 of the Indictment.

24. I know that the judge must be satisfied that a crime occurred and that I committed that crime before my plea of "GUILTY" can be accepted. With respect to the charges to which I am pleading guilty, I represent that I did the following acts and the following acts are true. During the times referenced in the Indictment in the Eastern District of Michigan I exported or attempted to export turtles that I had purchased from breeders in the United States to Canada or China. Specifically,

    a. As to Count 1, I admit that I knowingly and intentionally exported approximately 21 turtles from the United States without first obtaining and filing a Form 3-177.

    b. As to Count 2, I admit that I knowingly and intentionally attempted to export approximately 9 turtles from the United States without first obtaining and filing a Form 3-177.

    c. As to Count 3, I admit that I knowingly and intentionally exported approximately 51 turtles from the United States without first obtaining and filing a Form 3-177.

    d. As to Count 4, I admit that I knowingly and intentionally exported approximately 317 turtles from the United States without first obtaining and filing a Form 3-177.

    e. As to Count 5, I admit that I knowingly and intentionally exported approximately 211 turtles from the United States without first obtaining and filing a Form 3-177.

    f. As to Count 6, I admit that I knowingly and intentionally attempted to export approximately 1002 turtles from the United States without first obtaining and filing a Form 3-177.

25.     I offer my plea of "GUILTY" freely, voluntarily and of my own accord and with a full understanding of the allegations set forth in the Indictment or Information and with a full understanding of the statements set forth in this Guilty Plea Questionnaire and in the Certificate of my attorney that is attached to this Guilty Plea Questionnaire.

SIGNED by me in the presence of my attorney, after reading (or having had read to me) all of the foregoing pages and paragraphs of this Guilty Plea Questionnaire on this 28th day of November, 2015.

_____
Defendant

## CERTIFICATE OF COUNSEL

The undersigned, as attorney for defendant Kai Xu, hereby certifies:

1. I have fully explained to the defendant the allegations contained in the Indictment or Information in this case any lesser-included offense(s) and the possible defenses which may apply in this case.

2. I have personally examined the attached Guilty Plea Questionnaire, explained all its provisions to the defendant, and discussed fully with the defendant all matters described and referred to in the Guilty Plea Questionnaire.

3. I have explained to the defendant the maximum penalty and other consequences of entering a plea of guilty, described in paragraphs (6) - (20) of the Guilty Plea Questionnaire, and I have also explained to the defendant the applicable Federal Sentencing Guidelines.

4. I recommend that the Court accept the defendant's plea of "GUILTY."

SIGNED by me in the presence of the above-named defendant, after full discussion with the defendant of the contents of the Guilty Plea Questionnaire and any Plea Agreement, on this _28th_ day of _November_, 20_15_.

_____
Attorney for Defendant